MONROE T. LAWS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 572, 2009.
Supreme Court of Delaware.
Submitted: November 18, 2009.
Decided: December 17, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
Henry Dupont Ridgely, Justice.
This 17th day of December 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Monroe T. Laws, filed an appeal from the Superior Court's September 14, 2009 order denying his fourth motion for postconviction relief. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In September 1989, Laws was found guilty by a Superior Court jury of three counts of Unlawful Sexual Intercourse in the First Degree. He was sentenced to three terms of life imprisonment. This Court affirmed Laws' convictions on direct appeal.[2]
(3) In this appeal from the Superior Court's denial of his fourth postconviction motion, Laws claims that, prior to trial, the State engaged in discovery violations and failed to disclose Brady material.[3]
(4) Before considering the merits of any claims made in a motion for postconviction relief under Rule 61, the Superior Court must first apply the Rule's procedural requirements.[4] In this case, the record reflects that Laws' latest postconviction motion was filed more than 17 years after this Court affirmed his convictions. As such, his claims are clearly time-barred.[5] Furthermore, Laws' claims are procedurally barred because they were not raised in any of Laws' previous postconviction motions.[6] Finally, Laws has not demonstrated either that consideration of his claims is warranted in the interest of justice[7] or that there is a colorable claim of a miscarriage of justice due to a violation of his constitutional rights.[8] As such, the time and procedural bars of Rule 61 apply to his claims.
(5) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Laws v. State, Del. Supr., No. 376, 1989, Horsey, J. (Apr. 17, 1990).
[3] Brady v. Maryland, 373 U.S. 83 (1963).
[4] Younger v. State, 580 A.2d 552, 554 (Del. 1990).
[5] Super. Ct. Crim. R. 61(i)(1).
[6] Super. Ct. Crim. R. 61(i)(2).
[7] Super. Ct. Crim. R. 61(i)(2).
[8] Super. Ct. Crim. R. 61(i)(5).